**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4097**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MIGUEL ANGEL MEDRANO-RAMOS, a/k/a Miguel A. Medrano-Ramos, a/k/a
Miguel Medrano-Ramos, a/k/a Miguel Angel Ramos, a/k/a Miguel T. Medrano, a/k/a
Miguel Hector Medrano, a/k/a Miguel Medrano,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Loretta C. Biggs, District Judge.  (1:20-cr-00297-LCB-1)

Submitted:  October 1, 2021                  Decided:  October 8, 2021

Before WILKINSON and THACKER, Circuit Judges, and KEENAN, Senior Circuit
Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Terry
Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Medrano-Ramos pled guilty, pursuant to a written plea agreement, to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). Medrano-Ramos' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Medrano-Ramos' 70-month sentence is reasonable. In his pro se supplemental brief, Medrano-Ramos challenges his conviction and sentence. The Government has declined to file a response brief. For the reasons that follow, we affirm Medrano-Ramos' conviction, vacate his sentence, and remand for resentencing.

We turn first to the validity of Medrano-Ramos' guilty plea. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3); *DeFusco*, 949 F.2d at 119-20.

Because Medrano-Ramos did not move to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error in the district court, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Under the plain error standard, this court "will correct an unpreserved error if (1) an error was made; (2)

2

the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013). Here, the record reveals that, to the extent there were Rule 11 errors, they did not affect Medrano-Ramos' substantial rights. We have considered Medrano-Ramos' challenges to his conviction contained in his pro se brief and supplemental brief and find them to be without merit. Accordingly, his guilty plea is valid.

We turn next to Medrano-Ramos' sentence. Here, our review identifies one reversible error. When announcing the terms of supervised release during the sentencing hearing, the district court did not orally pronounce all the standard conditions of supervision. In its written judgment, the court included the statutorily imposed mandatory conditions, 13 standard conditions, and 3 special conditions. In the court's oral pronouncement of the standard conditions, some requirements of some conditions were omitted.

While a district court need not orally pronounce all mandatory conditions, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). The court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions recommended by the Sentencing

3

Guidelines. *Id.* at 299. Here, the court did not state that it was incorporating the standard conditions of supervision detailed in the Guidelines. When the court fails to announce discretionary conditions of supervised release that are later included in the written judgment, the remedy is to vacate the sentence and remand for a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal.[*] We therefore affirm Medrano-Ramos' conviction, vacate his sentence, and remand for resentencing. This court requires that counsel inform Medrano-Ramos, in writing, of the right to petition the Supreme Court of the United States for further review. If Medrano-Ramos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Medrano-Ramos. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] Because the sentence was not properly imposed, we do not address any other potential issues related to Medrano-Ramos' sentence at this juncture. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).